UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-22313-CIV-WILLIAMS

APPJIGGER GMBH, et al.,

    Plaintiffs,

vs.

BLU PRODUCTS, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants'[1] motion to dismiss Plaintiffs' second amended complaint (DE 78), to which Plaintiffs filed a response in opposition (DE 85), and Defendants filed a reply (DE 89). The second amended complaint ("SAC") alleges five counts: I) copyright infringement, 17 U.S.C. §§ 501–504; II) unjust enrichment; III) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); IV) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and V) violation of Florida's deceptive and unfair trade practices act ("FDUTPA"), Florida Statute §§ 501.201–.213. Defendants have not challenged Plaintiffs' copyright claim (Count I), which alleges infringement of Plaintiffs' copyrighted software. Defendants have moved, however, to dismiss the remaining claims under the Lanham Act, common law, and Florida statute (Counts II through V).

---

[1] Defendants CT Miami LLC and BLU Products Inc. are alleged to be owned and operated by the same individual, Defendant Samuel Ohev-Zion. (DE 75 ¶ 6). In addition, Ohev-Zion is alleged to be the president and CEO of both CT Miami LLC and BLU Products, Inc. (DE 75 ¶ 7). Plaintiffs do not consistently distinguish among Defendants and Defendants moved collectively to dismiss without distinguishing amongst themselves. (DE 78). Plaintiffs generally refer to themselves collectively as well. (DE 75). Accordingly, the Court treats Plaintiffs as a group and Defendants as a group.

I.   **Background**[2]

Plaintiff Appjigger GmbH is a German company that develops, markets, distributes, and licenses a number of software applications ("apps"). Plaintiff Thomas Anyz is a German citizen who has developed and licensed a number of software apps, including the WP CLOCK software app ("WP CLOCK"). Anyz granted Appjigger an exclusive license to market, distribute, and sublicense the WP CLOCK.

The WP CLOCK is available for purchase by end users (consumers who want to install the app on their mobile devices) and also available for licensing and pre-purchase installation by retailers. In March 2012, a representative from Defendant CT Miami sent an inquiry regarding the WP CLOCK. The Parties corresponded regarding price and terms, but never reached an agreement.

Then, in May 2013, Plaintiffs saw a YouTube video depicting a person unboxing a BLU Products' device that came pre-equipped with the WP CLOCK. When Plaintiffs purchased a BLU Products mobile device, they discovered that the device came with the WP CLOCK pre-installed. In addition, BLU Products has advertised its mobile devices "with screens which are substantially indistinguishable from the screenshots of android smart phones using Plaintiffs' WP CLOCK." (DE 75 ¶ 25).

On August 9, 2013, Plaintiffs sent a letter to BLU Products' president, Samuel Ohev-Zion (who is also the President and CEO of CT Miami), requesting that BLU Products and Ohev-Zion contact Plaintiffs to discuss the matter. A month later, Defendants had not responded and Plaintiffs followed up with an email on September

---

[2] The facts are taken from the SAC. The facts alleged are taken as true for the purposes of this motion.

2

10, 2013.  A month later, Defendants had still not responded and Plaintiffs' attorney sent a cease and desist letter on October 16, 2013.  Defendants did not respond.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Iqbal*, 556 U.S. at 663; *Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. Discussion

Plaintiff Appjigger, along with Anyz, allege that Defendants' have harmed them in two ways.  First, Plaintiffs allege that Defendants have harmed them by copying and selling copyrighted software (the WP CLOCK app) without authorization.  This is the copyright claim, which has not been challenged by the motion to dismiss.  Second,

3

Plaintiffs allege that Defendants have harmed them by using images of their software in advertising and promotion of Defendants' mobile devices.[3] This is the gravamen of the unjust enrichment claim, the Lanham Act unfair competition claim, the Lanham Act false advertising claim, and the Florida Deceptive and Unfair Trade Practices Act claim. Plaintiffs seek declaratory relief, injunctive relief, and damages for these harms. They seek a declaration that Defendants' actions constitute "false designation of origin, passing off, and unfair competition." (DE 75 ¶ A). They seek an injunction prohibiting Defendants from copying or misappropriating the copyrighted software code, from using Plaintiffs' software in connection with advertising, promotion, or sales, and disgorgement of profits earned by Defendants from their unlawful actions. Finally, they seek treble damages under the Lanham Act along with costs and attorneys' fees.

Defendants have responded that Plaintiffs have failed to state a claim under the Lanham Act. They have also argued that Plaintiffs' claims under state and common law are preempted by the Copyright Act.

### a. Failure to State a Claim Under the Lanham Act

Plaintiffs have alleged two claims under the Section 43 of the Lanham Act (codified as 15 U.S.C. § 1125) based on Defendants' use of screenshots of the WP CLOCK in their advertisements. "Section 43(a)'s general purpose is to protect persons engaged in commerce against unfair competition." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (quoting *Dastar Corp.*

---

[3] The pleadings are vague as to whether Plaintiffs are alleging that Defendants have advertised using screens "which are substantially indistinguishable" from a device running the WP CLOCK software or Plaintiffs are alleging that Defendants have advertised using images of the WP CLOCK software. For the purposes of the motion to dismiss, the Court assumes that the images reflect the WP CLOCK software on one of Defendants' devices.

4

*v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 (2003)) (internal quotation marks omitted).  The Lanham Act, 15 U.S.C. § 1125(a)(1)(A), creates a cause of action for unfair competition by prohibiting the use in interstate commerce of any "false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same. . . ." 15 U.S.C. § 1125(a)(1)(A).  The Lanham Act also creates a cause of action for false advertising or promotion, that "misrepresents the nature, characteristics, qualities, or geographic origin" of goods.  15 U.S.C. § 1125(a)(1)(B).

Although Count III of the SAC for violation of 15 U.S.C. § 1125(a)(1)(A) could be construed as alleging mere legal conclusions, Plaintiffs' response to the motion to dismiss is more precise and makes clear that "[t]he misrepresentation of fact made by Defendants is that they are the origin of the software that is prominently displayed in their advertising." (DE 85 at 3).  Plaintiffs go on to explain that "[w]hile Defendants herein may indeed be the origin of the mobile phones they sell, they are not the origin of Appjigger's software, and they are not the origin of the Appjigger images that they prominently display in their promotional advertising." (DE 85 at 4).

The false designation of origin provision "has been construed by the courts as creating a federal action for 'passing off,' which occurs 'when a producer misrepresents his own goods or services as someone else's.'" *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (quoting *Dastar*, 539 U.S. at 28 n. 1).  A passing off claim requires a showing that the defendant "falsely suggested that the plaintiff was the producer of the tangible product sold in the marketplace." *Id.* (quoting *Dastar*, 539 U.S. at 31) (internal quotation omitted).  Here,

5

there is no allegation that Defendants are passing off their mobile devices as Plaintiffs' as Plaintiffs do not make mobile devices, they make timekeeping apps.

Reverse passing off occurs when a party misrepresents someone else's goods or services as its own. *See Dastar*, 539 U.S. at 26 n.1. Here, again, the mobile devices sold are Defendants' devices. Plaintiffs have alleged that they created some of the software, ideas, or concepts embodied in Defendants' devices, but not that Plaintiffs created mobile devices that are being sold under Defendants' name. Although Plaintiffs contend that they are the origin of the WP CLOCK software and Defendants are the origin of the mobile devices, they have cited no authority for the proposition that a single tangible good protected by the Lanham Act may have multiple origins.

To the contrary, as discussed in *Dastar*, the Court held that "origin of goods" in the Lanham Act § 43(a)(1)(A) did not refer to the author of any idea, concept, or communication embodied in a good, but to the producer of the tangible good itself. 539 U.S. at 37. As a result, in *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294 (11th Cir. 2007), the Eleventh Circuit "easily" disposed of a false designation of origin claim where the plaintiff claimed that defendant unlawfully sold copies of sound recordings that were written and performed by plaintiff. The *Thompkins* court explained that, following *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), selling copies of plaintiff's works with defendant indicated as the creator of the actual physical records "does not give rise to a claim under § 1125." *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d at 1310 (citing *Dastar*, 539 U.S. at 37–38). Even when a defendant incorporated a plaintiff's copyrighted poems into a nearly identical personalized souvenir product (*e.g.*, gift baptism keepsakes), *Dastar* precluded a Lanham Act claim. *See Pers. Keepsakes,*

6

*Inc. v. Personalizationmall.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *3 (N.D. Ill. Feb. 8, 2012) ("The pictures show that, at worst, Defendants incorporated PKI's copyrighted poems into their own products; Defendants have not sold PKI's tangible products as their own. Under *Dastar*, that is a copyright claim, not a Lanham Act claim.").

Not only have Plaintiffs not cited any cases in support of their unfair competition claim, but also they have not persuasively distinguished *Dastar*. Plaintiffs have provided the Court with no case meaningfully distinguishing *Dastar* on the basis of viability of the copyright of the work. *See, e.g.*, *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 130 (S.D.N.Y. 2008) ("Plaintiff has not cited a single instance where a court has agreed with the argument that *Dastar* was inapplicable when the work in issue was copyrighted."); *see also Hustlers, Inc. v. Thomasson*, No. CIV.A. 1:01-CV-3026-, 2004 WL 3241667, at *2 n.1 (N.D. Ga. Dec. 29, 2004) ("Although *Dastar* addressed a false designation of origin claim in the context of a previously copyrighted work that had entered the public domain, the Court gave no indication that its holding would be affected by the presence of a viable copyright."). Accordingly, Count III for unfair competition under the Lanham Act is dismissed for failure to state a claim.

In Count IV, Plaintiffs alleged that Defendants violated the Lanham Act's false advertising provisions. The Lanham Act prohibits false advertising or promotion, that "misrepresents the nature, characteristics, qualities, or geographic origin" of goods. 15 U.S.C. § 1125(a)(1)(B). To prevail on a false advertising claim under the Lanham Act, a plaintiff must establish that: (1) the defendant's advertisements were false or

7

misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the plaintiff has been injured as a result of the false advertising. *See North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir. 2008).

Plaintiffs have not alleged how Defendants have misrepresented anything about the nature, characteristics, qualities, or geographic origin of Defendants' phones. Plaintiffs argue that "Defendants' advertisements were false or misleading since they clearly indicated that the home screen images in their advertising were their own products." (DE 85 at 4). Plaintiffs cite no authority to support their argument.

While Defendants acknowledge that there is no binding authority on the precise question, courts have held that "authorship, like licensing status, is not a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009) (citing *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008)). And a plaintiff cannot plead around *Dastar*, by "shoe-horn[ing]" a claim for improper authorship credit into a false advertising theory. *See Wilchcombe v. Teevee Toons, Inc.*, 2007 WL 294247, at *7 (N.D. Ga. 2007) (citation omitted). Furthermore, the goods in the advertisements were Defendants' own mobile devices. A defendant does not violate the Lanham Act's false advertising provisions by promoting its product while failing to properly attribute the source of the underlying technology embodied in the product. *Smartix Int'l Corp. v. MasterCard Int'l LLC,* No. 06 CV 5174 (GBD), 2008 WL 4444554, at *6 (S.D.N.Y. Sept. 30, 2008) (collecting cases) (failure to acknowledge

8

"originating source of the technology underlying defendants' affinity card programs, is not a misrepresentation as to the inherent 'nature, characteristics [or] quality' of the programs themselves.").

Additionally, to the extent that Plaintiffs' assertion that "Defendants actively used and displayed the look and feel of a smart phone home screen having Plaintiffs' software installed and running" is an attempt to state a claim for trade dress infringement, Plaintiffs have not done so. (DE 85 at 3). To bring a successful trade dress infringement claim under the Lanham Act, a plaintiff must establish that "(1) the defendant's product is confusingly similar to its product; (2) the similar features of the two products are primarily non-functional; and (3) the plaintiff's product is distinctive." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1322 (11th Cir. 2012). At most, Plaintiffs have pleaded confusing similarity. But there is no pleading or argument regarding non-functionality or distinctiveness. In addition, under the Supreme Court's opinion in *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205 (2000), "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning." *B & F Sys., Inc. v. LeBlanc*, 519 F. App'x 537, 539 (11th Cir. 2013) (quoting *Samara*, 529 U.S. at 216). Thus, even construing the complaint most broadly, Plaintiffs have not made out a claim under the Lanham Act. Accordingly, Count IV is dismissed for failure to state a claim. Consequently, the Court need not determine if Plaintiffs' Lanham Act claims are otherwise vulnerable to dismissal on preemption grounds.

### b. Preemption of State and Common Law Claims

As noted above, Defendants have not challenged Plaintiffs' facially compelling claim that Defendants willfully infringed on Plaintiffs' copyright when they loaded mobile devices with Plaintiffs' app and used images of Plaintiffs' app in promotions and advertisements. Defendants have argued, however, that Plaintiffs' claims for unjust enrichment (Count II) and violation of FDUTPA (Count V) are preempted by the Copyright Act.

As the court explained in a case where the plaintiff brought a FDUTPA claim based on the same conduct that supported its copyright claims, "[a] two-part test is employed in copyright preemption cases." *Stripteaser, Inc. v. Strike Point Tackle, LLC*, No. 13-62742-CIV, 2014 WL 866396, at *5 (S.D. Fla. Mar. 5, 2014) (Altonaga, J.) (citations omitted). Preemption by the Copyright Act occurs if the rights at issue 1) fall within the subject matter of copyright and 2) are equivalent to the exclusive rights in the copyrighted works. See *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting 17 U.S.C. § 301(a)). Under the second prong, "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Foley*, 249 F.3d at 1285. This is known as the "extra element test."[4] *Stripteaser*, 2014 WL 866396, at *5.

Here, Plaintiffs do not dispute that the issues fall within the subject matter of copyright, but they contend that there is an extra element required by their state law

---

[4] To recover for copyright infringement under the Copyright Act, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

10

claims. Plaintiffs assert that, "[i]n this case, the extra element is the advertising and promotion of Defendants' mobile phones showing the unauthorized image of the Appjigger WP Clock software home screen." (DE 85 at 5). Plaintiffs make no effort to articulate how "showing the unauthorized image" is anything other than an "act[] of reproduction, performance, distribution or display." *Foley*, 249 F.3d at 1285. Furthermore, Plaintiffs cannot satisfy the extra element test with their contention that "Defendants have used the image of Plaintiffs' software in their advertising to enhance Defendants' brand and to promote and increase the sales of all of their mobile phones." (DE 85 at 5). As the court reasoned when dismissing a FDUTPA claim as preempted by copyright, "[t]he conduct is the same, regardless what [defendant's] intent may have been." *Stripteaser*, 2014 WL 866396, at *5; *see also Marc Anthony Builders, Inc. v. Javic Props, LLC*, No. 8:11-CV-00432-EAK-AEP, 2011 WL 2709882, at *4 (M.D. Fla. July 12, 2011) (dismissing a FDUTPA claim because "[i]ntent does not distinguish a claim from a copyright claim in a meaningful way.").

With regard to unjust enrichment, Plaintiffs' arguments against preemption are admittedly identical: "For the same reason that Plaintiffs' FDUTPA claim is not preempted by the Copyright Act, Plaintiffs' claim for unjust enrichment is not preempted by the Copyright Act." (DE 85 at 6). But, again, Plaintiffs make no attempt to explain why "featur[ing] Plaintiffs' software images prominently in [Defendants'] advertising in an effort to improve their product's image and commercial impression and reap the benefits thereof," is anything other than an "act[] of reproduction, performance, distribution or display." *Foley*, 249 F.3d at 1285. Accordingly, Counts II and V are dismissed as preempted by the Copyright Act.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

- Defendants' motion to dismiss (DE 78) is **GRANTED**. Counts II through V are **DISMISSED**.

- The SAC is the operative complaint. Defendants shall file an answer to Count I of the SAC by **March 18, 2016**.

- Defendants' motion for extension of time to file reply (DE 88) is **DENIED AS MOOT**.

- The Parties' joint motion to extend trial deadlines (DE 90) is **GRANTED**. The trial is **RESET** for the trial calendar beginning January 23, 2017. Calendar call is reset for January 17, 2017. All other deadlines set forth in the Court's scheduling order (DE 74) are extended by 90 days. The Parties shall mediate, as scheduled, on April 4, 2016.

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of March, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE